# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 573 | **DATE** | 9/14/2000 |
| **CASE TITLE** | Bell vs. American Medical Association | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 10/3/2000 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Plaintiff's motion (Doc 8-1) to amend his complaint is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 15 2000 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 14 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | ED-7 FILED FOR DOCKETING 00 SEP 14 PM 2:26 | |
| | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE BELL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 00 C 0573 |
| | ) | |
| AMERICAN MEDICAL ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
SEP 15 2000

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Plaintiff's motion to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a). For the reasons set forth below, the Court denies Plaintiff's motion in part and grants it in part.

## BACKGROUND

On January 28, 2000, Plaintiff Maurice Bell ("Bell") filed a Title VII and a § 1981 discrimination claim against Defendant American Medical Association ("AMA"). During the course of discovery, which concluded on August 3, 2000,[1] Bell's counsel determined that Bell had sufficient evidence to support a claim for retaliatory discharge under Illinois law. Thus, Bell seeks leave of this Court to add a

---

[1] Discovery has been extended to October 3, 2000 for the purposes of deposing Plaintiff's expert witness.

retaliation component to his Title VII claim (Count I), request punitive damages under that same Title VII claim (Count I), and add the common law claim of retaliatory discharge (Count III) to his Complaint with a request therein for punitive damages as well.

Bell's attorney recently deposed Peggy Boswell, an employee in the AMA's human resources department. (Pl.'s Mtn. for Leave to File Amd. Compl. at ¶3.) Bell's attorney claims that during this deposition, she learned for the first time of Bell's complaints of discriminatory treatment several months prior to his termination. (Id.) Bell contends that this "admission coupled with the documentary proof produced in this litigation would support an Illinois state law claim for retaliatory discharge." (Id.) No undue delay has occurred in the presentation of this motion, says Bell, and the AMA will not be prejudiced if Bell were allowed to amend his complaint to add a claim of retaliatory discharge and to include a retaliation component, a prayer for punitive damages and reinstatement in his Title VII claim. (Id. at ¶6.)

## LEGAL STANDARD

Generally, leave to amend a complaint is liberally granted. See Murphy v. Village of Hoffman Estates, 959 F. Supp. 901, 904 (N.D. Ill. 1997). Federal Rule of Civil Procedure 15(a) directs the district courts to grant leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [s]he ought

to be afforded an opportunity to test his [or her] claim on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962). However, district courts have broad discretion to deny motions to amend in cases of undue delay, bad faith or dilatory motives, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice or futility. See Garner v. Kinnear Mfg. Co., 37 F.3d 263, 269 (7th Cir. 1994). Further, an amendment is futile when it is incapable of surviving a motion to dismiss. See Bower v. Jones, 978 F.2d 1004, 1008 (7th Cir. 1992).

## DISCUSSION

In opposition to Bell's motion, the AMA argues that (1) Bell is dilatory in raising these new issues because Bell "was aware of the 'facts' relevant to his retaliation claim long before he filed the lawsuit" (Def.'s Mem. of Law in Opp. to Bell's Mtn. for Leave to File Amd. Compl. at 2); (2) since discovery has now been closed, the AMA will not have the necessary discovery to defend itself against these new claims and thus, the prejudice to the AMA would be "severe" (Id. at 3); and (3) the amended common law claim for retaliatory discharge would be futile in that it fails to state a claim upon which relief would be granted. (Id. at 6.) Each of these arguments will be discussed in turn.

1. Dilatory In Raising New Issues

The AMA contends that "[l]ong before he filed his lawsuit, Bell was aware of the 'facts' relevant to his retaliation claim," and thus Bell is dilatory in raising this new

issue of retaliation nearly eight months after the original complaint was filed. (Def. Mem. in Opp. to Pl.'s Mtn. for Leave to File Amd. Compl. at 2.) The AMA supports its argument by pointing to Bell's original Charge of Discrimination which Bell filed with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR") wherein he states his charge is based on retaliation for reporting discrimination, retaliation for complaining of harassment, and retaliation for complaining of discriminatory conduct.

The Seventh Circuit has urged district courts to consider whether motions to amend complaints filed long after the original complaint and based solely on previously known information are being presented in a desperate effort to protract the litigation and complicate the defense. See Glatt v. Chicago Park Dist., 87 F.3d 190, 194 (7th Cir. 1996). Moreover, the court should consider the new claim's probable merit, whether the claim should have been brought earlier, and the burden on the non-moving party to defend it. See id. The burden rests upon the movant to show a valid reason for delay. See Sanders v. Venture Stores, Inc., 56 F.3d 771, 775 (7th Cir. 1995). A denial of the motion is warranted when a party fails to provide an explanation as to why the amendment did not take place sooner and its delay is burdensome to the opposing party. See Hindo v. University of Health Sciences, 65 F.3d 608, 615 (7th Cir. 1995). Parties also have an obligation to introduce, at the earliest stage of the litigation possible, the matters upon which they want to rely in supporting their claim or defense.

See In re Ameritech Corp., 18 F.R.D. 280, 286 (N.D. Ill. 1999). Bell must show that discovery led to previously unknown facts which altered the shape of the case. See id.

Bell has failed to make such a showing. The fact that he filed retaliation charges with both the IDHR and EEOC prior to initiating this federal lawsuit undermines his contention that he and his attorney only recently discovered the possibility of such a claim. Given the nature of the IDHR and EEOC charges and the comments about retaliation in those charges, this Court finds that Bell has no valid reason for an eight-month delay. Thus, this Court will exercise its discretion to deny the motion to amend his complaint, insofar as Bell seeks to add a retaliation component to his Title VII claim and a retaliatory discharge claim under Illinois law.

2. Prejudice To The AMA

The AMA also argues that since discovery has now been closed, the AMA will lack sufficient opportunity to conduct discovery regarding the new claims and will thus be severely prejudiced. The central issue in motions for leave to amend pleadings is whether the non-moving party will suffer undue prejudice. See United States v. Hougham, 364 U.S. 310, 316 (1960); Gregg Communications v. American Telephone & Telegraph Co., 98 F.R.D. 715, 721 (N.D. Ill. 1983). Recognizing that nearly every amendment results in some prejudice to the non-moving party, see Alberto-Culver Co. v. Gillette Co., 408 F. Supp. 1160, 1161 (N.D. Ill. 1983), the test is whether that prejudice is undue, see Eder Instrument Co., Inc., v. Total Med Corp., No. 85 C 4330,

1986 WL 4162, at *2 (N.D. Ill. Mar. 20, 1996). The district court, in exercising its discretion, must balance the general policy behind Rule 15 – that controversies should be decided on the merits – against the prejudice that would result from permitting a particular amendment. See id. Only where the prejudice outweighs the case decided on the merits should the amendments be prohibited. See id.

The AMA contends that it would be unable to "investigate several critical issues" without the necessary discovery, in that the AMA will now have to defend against charges of conduct substantiating an award of punitive damages and the appropriateness of Bell's reinstatement to his former position. However, the possibility of increased exposure to liability is an unavoidable result when amendments are granted. See Adair v. Hunt Int'l Resources Corp., 526 F. Supp. 736, 739-40 (N.D. Ill. 1981). Nevertheless, the AMA points to Bellanger v. Health Plan of Nevada, 814 F. Supp. 914, 916 (D. Nev. 1992) for the proposition that amending pleadings at the final stages of discovery may be prejudicial to the non-moving party, and to Marson v. Jones & Laughlin Steel Corp., 87 F.R.D. 151, 152 (E.D. Wis. 1980) for the proposition that amending pleadings to include punitive damages may result in substantial prejudice to a defendant.

In this case, the Court finds that the AMA would not be severely prejudiced if Bell were to add a prayer for punitive damages and reinstatement. Given the nature of the complaint and the limited number of likely witnesses in a matter such as this, the

AMA would not need substantially more discovery time to defend against punitive damages and reinstatement. If more discovery is needed to defend, the AMA may request an enlargement of time to propound additional discovery. Denying Bell's motion on the grounds of severe prejudice would be inappropriate, given this Court's liberal construction of Rule 15(a). Thus, the court grants Bell's motion to amend his Title VII claim (Count I) to include prayers for punitive damages and reinstatement to his former position.

3. Failure To State A Claim Under The Common Law

Finally, the AMA argues that the amended common law claim for retaliatory discharge would be futile in that it fails to state a claim upon which relief could be granted. Illinois law precludes a common law claim for retaliatory discharge because the Illinois Human Rights Act ("IHRA") provides an alternate exclusive remedy. See Johnson v. Baxter Healthcare Corp., 907 F. Supp. 271, 275-276 (N.D. Ill. 1995). A common law claim for retaliatory discharge under Illinois law is limited to situations where there is no other legal remedy against improper retaliatory discharge by an employer. See id.

In Johnson, the court determined that the Illinois Supreme Court recognizes the tort of retaliatory discharge but only where an otherwise adequate remedy does not exist. See id. at 275 (citing Palmateer v. International Harvester Co., 421 N.E.2d 876, 877 (Ill. 1981)). Further, Johnson determined that the IHRA's use of the phrase

"exclusive remedy" meant that there was no other remedy for retaliatory discharge in employment discrimination cases under Illinois law and the statutory scheme of the IHRA. See id. This court finds the reasoning of Johnson persuasive and concludes that Bell would not have a claim of retaliatory discharge under Illinois law because the IHRA furnishes an exclusive remedy for such a claim. Thus, Bell's claim of retaliatory discharge under Illinois law would be futile because it is incapable of surviving a motion to dismiss. Bower v. Jones, 978 F.2d 1004, 1008 (7th Cir. 1992).

## CONCLUSION

For the reasons set forth above, Bell's motion for leave to amend his complaint is granted in part and denied in part.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Court Judge

Dated  September 14, 2000